IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT DELEHANT, personal representative
of the ESTATE OF GEORGE RUPPEL,
deceased,

                   Plaintiff,

                   v.

UNITED STATES OF AMERICA,

                   Defendant.

3:10-cv-178-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

On December 6, 2012, this court entered a Judgment (doc. #91) in favor of Robert Delehant ("Delehant") on Count Two of the First Amended Complaint, and awarded damages in the amount of $210,830.89; post-judgment interest in accordance with 31 U.S.C. § 1304(b)(1)(A); and, costs in accordance with 28 U.S.C. § 1920. Delehant filed a Bill of Costs (doc. #88) seeking $3,155.40 in costs as the prevailing party in this action. The United States filed objections to Delehant's request

1 – OPINION AND ORDER

for costs. For the reasons set forth below, the court grants, in part, and denies, in part, Delehant's Bill of Costs.

*Legal Standard*

Rule 54(d)(1) provides "costs – other than attorney's fees – should be allowed to the prevailing party." FED R. CIV. P. 54(d)(1). The specific items a prevailing party may recover as costs are listed in 28 U.S.C. § 1920.[1] In the Ninth Circuit, this rule creates a presumption in favor of awarding costs to a prevailing party; if a district court departs from that presumption, it must provide an explanation so the appellate court can determine whether the district court abused its discretion. *See, e.g., Association of Mexican-Am. Educators v. California,* 231 F.3d 572, 591 (9th Cir. 2000) (*en banc*) (If disallowing costs, the district court should "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."). *See also Save Our Valley v. Sound Transit,* 335 F.3d 932, 945 (9th Cir. 2003) (district court "need only find that the reasons for denying costs are not sufficiently persuasive to overcome the

---

[1] 28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

2 – OPINION AND ORDER

presumption in favor of an award"). The trial court has wide discretion in awarding costs under FED R. CIV. P. 54(d) and is "free to construe the meaning and scope of the items enumerated as taxable costs . . . ." *Kelley v. Sears, Roebuck, and Co.*, No. 01-1423-ST, 2004 WL 1824121, *3 (D. Or. Aug. 10, 2004).

Pursuant to Local Rule 54.1(a)(1), the prevailing party must provide a "detailed itemization of all claimed costs" and "appropriate documentation." In addition, LR 54.1(a)(2) states the cost bill must be verified as required by 28 U.S.C. § 1924, which requires an affidavit that the items within the cost bill are correct, have been necessarily incurred in the case, and the services for which fees have been charged were actually and necessarily performed. Simply filing a list of charges without supporting documentation is not "appropriate documentation." *See, e.g., Primerica Life Ins. Co. v. Ross*, No. 06-763-PK, 2006 WL 3170044, *3 n.2 (Nov. 1, 2006) (statement of total amount of costs unaccompanied by information that would allow court to exercise discretion to determine reasonableness of costs not sufficient documentation).

## *Analysis*

Delehant submitted a Bill of Costs seeking $3,155.40 for the following fees: Clerk ($428), service of summons or subpoena ($50) printed or electronically recorded transcripts ($1,415), disbursements for printing ($221), witnesses ($1,242.40),[2] and docket ($20). In support of his

---

[2]Delehant attached an alternative Bill of Costs requesting an award of $5,229.80 for witnesses. By this alternative request, Delehant seeks the mileage rate for travel by a privately owned vehicle as opposed to the actual air fare costs of travel for his two out-of-state witnesses who traveled to Portland by commercial air carriers. Section 1821(c)(1) of Title 28 of the U.S. Code expressly provides:

> A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest

3 – OPINION AND ORDER

request for reimbursement of costs, Delehant provided an itemization, including the total amount sought for each requested category of expense, a breakdown of the expenses that comprised a particular category, and the date the costs were incurred. (Jane Paulson Decl. Exs.1-6, Nov. 16, 2012; Paulson Second Decl., Ex. 1, Dec. 12, 2012.) Additionally, in her declarations filed with the court, Paulson affirms: "I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty of perjury." (Paulson Decl. 2; Paulson Second Decl. 2.) The court is satisfied Delehant has properly verified the cost bill in accordance with the requirements of LR 54.1, and now turns to the specific items sought and the government's objections to those requested amounts.

I.    Pro Rata Reduction of Requested Amount

As a threshold matter, the United States argues the court should exercise its discretion to reduce Delehant's cost award by 50% because the government prevailed on one of Delehant's two claims. As mentioned above, Rule 54(d)(1) provides: "costs – other than attorney's fees – should be allowed to the prevailing party." FED R. CIV. P. 54(d)(1). Further, in this Circuit there is a presumption in favor of awarding costs to a prevailing party. *See, e.g., Association of Mexican-Am. Educators,* 231 F.3d at 591. In this case, Delehant's two claims for wrongful death and personal injury caused by the government's negligence were related, arising from a common core of facts. As such, the costs incurred by Delehant to bring one of the claims would necessarily have been incurred to bring the other, as much of the evidence Delehant required to prove one claim necessarily

---

practical route in going to and returning from the place of attendance.

Accordingly, Delehant's alternative request for a mileage allowance instead of the actual air fare incurred by the out-of-state witnesses is denied.

related to the other claim as well. *See Creative Computing v. Getloaded.com LLC*, 386 F.3d 930, 937 (9th Cir. 2004) ("Allocation is not required where there is a 'common core of facts' that requires substantially the same expense on prevailing and unsuccessful claims.") Additionally, Delehant was awarded a substantial recovery, *i.e.*, over $200,000, on the claim he prevailed. Under the circumstances, the court declines to exercise its discretion to reduce Delehant's award of costs by 50%.

II.     Cost Items

    A.     *Fees of the Clerk and Marshal – 28 U.S.C. § 1920(1)*

Delehant seeks to recover $428 as money paid to the Clerk, specifically, a $78 fee paid to Multnomah County Circuit Court for probate *In the Matter of Ruppel George H*; and a $350 filing fee paid in this court. The United States objects only to Delehant's request for the fee paid to the state court.

A prevailing party may recover "[f]ees of the clerk and marshall[.]" 28 U.S.C. § 1920(1). The $78 fee for probate in state court is not a fee of the clerk. Nor is the $78 fee recoverable as damages as the United States did not cause Ruppel's death. Delehant's request for the $78 fee paid to the state court was not necessary to his litigation here, and is disallowed as a cost item in this case.

The evidence establishes Delehant did pay $350 to file his Complaint in this case. This is a proper request for an award of costs under § 1920(1) and, therefore, the court allows this cost in the amount of $350.

Delehant also seeks reimbursement of $50 paid "for service of summons and subpoenas" incurred in serving the Complaint and summons on the United States. The government does not

object to this claimed cost. Delehant's payment for service of summons was necessary and is a recoverable item under Rule 54(d)(1). Accordingly, this cost is allowed in the amount of $50.

> B. *Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for use in the Case – 28 U.S.C. § 1920(2)*

Delahant seeks $1,415 in fees paid to the court reporter for an original trial transcript of his case, and a copy of the trial transcript for the United States's case. (Paulson Decl. Ex. 3.) The government does not object to this claimed cost. Under 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" *See also* FED. R. CIV. P. 54(d)(1) ("costs . . . should be allowed to the prevailing party"). This case was tried to the court and the parties were ordered to submit proposed Findings of Fact and Conclusions of Law to aid the court's resolution of this matter. As such, the transcripts were necessary for Delehant to prepare its proposed Findings of Fact and Conclusions of Law. Further, the expense of the transcripts is a recoverable item under Rule 54(d)(1). Accordingly, this cost is allowed in the amount of $1,415.

> C. *Fees and Disbursements for Printing and Witnesses – 28 U.S.C. § 1920(3)*

Delehant requests reimbursement for $1,242.40 in costs incurred to obtain the witnesses' appearance at trial. The requested witness costs include an attendance fee of $40 per day, per witness, and the actual transportation costs. *See* 28 U.S.C. §§ 1821(b) and (c). Specifically, Delehant seeks $799.40 ($40 attendance, $749.50 airfare) for Dr. Michael Langan's testimony; $330 ($80 attendance, $250 airfare) for William Bryson's testimony; $56.50 ($40 attendance, $16.50 mileage) for Delehant's testimony; and, $56.50 ($40 attendance, $16.50 mileage) for Doris Ruppel's testimony.

6 – OPINION AND ORDER

The United States lodges two objections to the witness fees sought by Delehant. First, the government objects to the $1,129.40 in airfare costs for the two out-of-state expert witnesses, Dr. Langan and Nurse Bryson. Dr. Langan and Nurse Bryson testified at trial as experts witnesses. Dr. Langan is a geriatric specialist and he testified regarding the standard of care received by Ruppel during his stay at the Portland Veterans Administration Medical Center ("VAMC"), and Ruppel's cause of death. Nurse Bryson is a Registered Nurse and holds a Wound, Ostomy, Continence Nursing Certification. Nurse Bryson testified regarding the standard of care received by Ruppel. According to the United States, "[t]his was a straightforward medical malpractice action that did not involve any medical issues which required the testimony of out of state experts." (Def.'s Objections 2-3.) Additionally, the government contends the fees for Langan's testimony should be disallowed because it prevailed on the wrongful death claim despite Langan's testimony that the government caused Ruppel's death. Second, the United States objects to the $56.50 witness requested for Delehant's testimony. The government contends a party testifying on his own behalf is not entitled to witness fees.

Turning first to the United State's objection to paying a witness fee for Delehant's testimony at trial in this court, the court agrees a witness fee is not appropriate here. Although Delehant did testify as a fact witness at trial, the prevailing view in the Ninth Circuit is witness fees are not allowed to parties. *See, e.g., McBurnie v. City of Prescott*, No. 09-cv-8139-PCT-FJM, 2011 WL 5057090, at *1 (D. Arizona Oct. 24, 2011) ("We agree with plaintiff that witness fees paid to party defendants in the amount of $652.12 should be subtracted from the clerk's judgment."); *Gillam v. A. Shyman, Inc.*, 31 F.R.D. 271, 273-74 (D. Alaska 1962) ("Witness fees in the federal court are not allowed to parties to the action."); *The Wahkeena*, 51 F.2d 106, 108 (D. Wash. 1931) ("The general

7 – OPINION AND ORDER

rule is that a party testifying in his own behalf is not entitled to witness fees."). Accordingly, Delehant's request for $56.50 in witness fees for his testimony at trial is disallowed.

Regarding reimbursement for the airfare of Dr. Langan and Nurse Bryson, the court finds those costs to be necessary. Dr. Langan and Nurse Bryson provided specialized testimony regarding the standard of care for decubitus wounds. In fact, their testimony established the Portland VAMC fell below the community standard of care in its prevention and treatment of Ruppel's decubitus ulcers, a necessary element for both of Delehant's claims. The fact the court was not ultimately persuaded that such failure also caused Ruppel's death does not mitigate the necessity or significance of the testimony provided by those two witnesses in this case. Further, the government does not allege Delehant could have obtained similar qualified testimony from an expert residing closer to this court. Accordingly, the witness fees requested for the two out-of-state expert witnesses are allowed.

Finally, the United States does not object to the witness fees claimed for Doris Ruppel in the amount of $56.50, and the court will allow her costs as requested. The court awards witness fees in the amount of $1,185.90.

D.   *Docket Fees – 28 U.S.C. § 1920(5)*

Finally, pursuant to 28 U.S.C. § 1923, Delehant requests the statutory prevailing party fee of $20. A prevailing party may recover a docket fee "under section 1923 of this title." 28 U.S.C. § 1920(5). Section 1923(a) provides: "Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows: $20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases [.]" There is nothing in the record before the court to indicate Delehant should not recover this fee paid. Nor has

the United States objected to the requested amount. Accordingly, the court allows this cost in the amount of $20.

*Order*

Based on the foregoing, Delehant's Bill of Costs (doc. #88) is GRANTED, in part, and DENIED, in part as follows:

| | |
|---|---|
| Fees of the Clerk: | $ 350.00 |
| Fees for Service or Summons and Subpoena: | $ 50.00 |
| Fees for Printed or Electronically Recorded Transcripts: | $1,415.00 |
| Fees for Witnesses: | $,1185.90 |
| Docket Fees: | $ 20.00 |
| TOTAL COSTS AWARDED: | $3,020.90 |

IT IS SO ORDERED

DATED this 13th day of December 2012

John V. Acosta
United States Magistrate Judge